Chief Judge Cooke
(concurring). I agree that there should be an affirmance, but solely on the ground that, in these circumstances, the purchase of a holster designed for use with an automatic weapon furnished reasonable suspicion of criminality. On this view, there is no occasion to reach the question whether the police may detain an individual briefly for questioning on less than reasonable suspicion of criminal activity (compare Brown v Texas, 443 US 47, with United States v Mendenhall, 446 US 544 [Stewart and Rehnquist, JJ.]).
It would appear, under recent authority, that reasonable suspicion of criminality is the minimum standard which would support such a limited stop (see Brown v Texas, supra, at pp 48-50; People v Skinner, 48 NY2d 889, 890; but cf. United States v Mendenhall, supra [Stewart and Rehnquist, JJ.]). Of course, this standard would apply to investigatory stops only, and the police would remain free to elicit information from citizens, for example concerning a lost child, in noninvestigatory and unintrusive street encounters.